## ROSA CLARK ET AL. v. R. B. CLINTON.

1. **REPLEVIN.** *Execution. Trial of right of property under levy. Section 2633, Code 1880, construed.*

   Where an officer has levied an execution upon personal property and holds the property by virtue of the levy, a third person claiming it cannot recover the possession from him by an action of replevin, in view of § 2633 of the Code of 1880.

2. **EXECUTION.** *Claimant's issue. Jurisdiction.*

   Where personal property is levied on by virtue of an execution, the court from which the execution issued alone has jurisdiction to try a claim interposed to the property by a third person.

3. **BOND.** *Liability of principal and sureties on informal bond. Section 2305, Code 1880, construed.*

   Where a bond has been given by a third person for the possession of personal property, which has been seized by an officer under the levy of an execution and the possession surrendered by the officer, to such third person claiming the property, because of such security, the principal in the bond and his sureties therein cannot complain of a judgment against them on the bond in favor of the officer on the mere ground that the bond given was not adapted to the particular form of action, in view of § 2305 of the Code of 1880.

APPEAL from the Circuit Court of De Soto County.

HON. A. T. ROANE, Judge.

The appellee, a deputy sheriff, levied an execution upon certain personal property. The execution issued from a judgment which had been rendered by R. B. Holiday, a justice of the peace, in favor of Roper against Charles Clark. Rosa Clark obtained a writ of replevin from Holiday against the officer, the writ being made returnable before T. A. Hanserd, another justice in the same

county. The case coming on to be heard before Hanserd, he directed the form of action to be changed and made up an issue between the plaintiff in execution and the plaintiff in replevin. A judgment was rendered by him in favor of Rosa Clark, the plaintiff in replevin. Thereupon, Clinton, the officer, appealed to the circuit court. Rosa Clark then gave bond for the property and it was turned over to her. In the circuit court a motion was made by Rosa Clark to dismiss the appeal and remand the cause to Holiday's court for trial, which motion was overruled. Clinton moved the court to dismiss the replevin suit: 1, Because the justice who tried the cause had no jurisdiction; 2, because there was no affidavit as required by § 2227 of the Code of 1880; 3, because the action was in contravention of § 2633 of the Code of 1880. He also moved for a writ of inquiry to assess the damages and the value of the property in the hands of the plaintiff in replevin. Both these motions were sustained and a judgment was rendered against Rosa Clark and her sureties on the forthcoming bond. Rosa Clark then moved the court to remand the cause to Hanserd's court for further proceedings, and this motion was sustained. From the judgment rendered by the circuit court before the cause was remanded to Hanserd's court, Rosa Clark and the sureties on the bond appealed to this court.

*White & Morgan,* for the appellants.

The bond which was given by Rosa Clark was a claimant's bond, and the circuit court was not authorized in giving judgment thereon.

*Malone & Watson,* for the appellee.

1. This action is directly in the teeth of § 2633 of the Code of 1880, prohibiting replevin in certain cases.

2. The judgment on the bond was proper. The bond, though informal, was good, whether considered as a replevin or claimant's bond. Section 2305, Code 1880.

COOPER, J., delivered the opinion of the court.

The suit was properly dismissed by the circuit court. The facts set forth in the affidavit for replevin show that the writ should not

have issued as the property was in the hands of the officer by virtue of a levy under execution. Code of 1800, § 2633. The justice before whom the writ was returned had no authority to change the form of action from replevin to the claimant's issue. The judgment upon which the execution was issued was not in his court and the execution was not returnable before him. Upon the dismissal of the suit it was proper for the court to render judgment on the bond of the plaintiff in replevin for the return of the property to the defendant, or for the payment of its value as assessed by the jury. It is true the bond is in form a claimant's bond, but inasmuch as the officer having the custody of the property should only have delivered it to the plaintiff on her entering in a replevin bond, and inasmuch as the substance of the conditions of a replevin bond are found in the one given, its form is rendered immaterial by the Code. Code of 1880, § 2305.

At the instance of the plaintiff, the court directed the record to be returned to the justice before whom the trial had been had for further proceedings. Though she cannot assign this action for error, we have thought it advisable to say that further proceedings in this suit must result in her defeat. The justice has no jurisdiction of the suit as a claimant's issue, and as a suit in replevin it is not maintainable. The plaintiff should redeliver the property or pay its value as found by the jury to the officer from whom it was taken, and then interpose her claim to the property or its proceeds in the manner prescribed by statute.

*Affirmed.*