## ANNIE F. SMITH ET AL. *v.* W. H. NEWLON.

1. EXECUTION. *Fraudulent conveyance. Issue triable under § 1767, Code* 1880.

   Section 1767 of the Code of 1880 provides that when "any execution" shall be returned *nulla bona,* or such return is likely to be made, and the plaintiff shall suggest that the defendant has conveyed his property "for the purpose of defrauding his creditors or to avoid the payment of the execution, the person in whose hands such property is supposed to be, or having such fraudulent conveyance," shall be summoned and an issue made up and tried by a jury; "and if the jury shall find the conveyance fraudulent or without a valuable consideration, the property thus fraudulently conveyed or made over shall be subject to the plaintiff's execution." The only question triable under this statute is whether the conveyance of the property sought to be subjected to the plaintiff's execution is fraudulent or without consideration; and if the decision be favorable to the plaintiff, the claimant's title to the property is unaffected, except so far as may be necessary to satisfy the plaintiff's execution.

2. SAME. *Jurisdiction of justice of peace under § 1767, Code* 1880. *Constitutionality of statute.*

   It was not unconstitutional for the legislature to confer upon justices of the peace the jurisdiction to try and determine the issue provided for in the statute above referred to, even though such issue involve, to the extent above stated, the title to real estate exceeding in amount the constitutional limit of a justice of the peace's jurisdiction in original suits.

3. SAME. *Section* 1767 *applicable to justice of peace's court. Section* 1585, *Code* 1880, *construed.*

   Section 1767 of the Code of 1880, though found only in the chapter relative to the circuit court, is extended in its application to justices of the peace's courts by § 1585 of the same chapter, which declares that "All things contained in this chapter, not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever within this State."

APPEAL from the Circuit Court of Lowndes County.

HON. J. M. ARNOLD, Judge.

On the 8th of March, 1883, a judgment was rendered by a justice of the peace in favor of W. H. Newlon against Annie F. Smith for the sum of one hundred and eight dollars. Upon this judgment an execution was issued on the 19th of March, 1883,

and returned the next day with the indorsement of the constable that after a diligent search he could not find in his county any property of the defendant subject thereto. On the day of the return of the execution the plaintiff therein filed an affidavit with the justice of the peace stating that " he has reason to believe and does believe, and hereby suggests to the court, that the said defendant hath property, but hath fraudulently, to wit, March 6, 1883, just two days before the rendition of the judgment herein, conveyed the same to her husband, for the purpose of defrauding her creditors or to avoid the payment of the execution about to be issued in this behalf, and that said execution will, in all probability, be returned *nulla bona.*" The property mentioned in the affidavit as having been fraudulently conveyed consisted of personalty and realty, the alleged fraudulent conveyance importing a consideration of three hundred dollars for the former and of seven hundred dollars for the latter. The affidavit concluded with a petition for a summons to J. W. Smith, and that an issue be made up and tried by a jury (as provided for in § 1767, Code 1880) " to test whether said conveyance is fraudulent or without consideration, and therefore subject to affiant's execution to be issued."

In compliance with the plaintiff's request in the affidavit above referred to, the justice of the peace issued a summons to J. W. Smith, who appeared and, as recited in the justice's judgment, "moved the court to dismiss said cause [as to him] for want of jurisdiction to try the same, and it appearing to the court that there was not jurisdiction in this court to try said cause, it is ordered and adjudged that said cause be dismissed."

The case was taken to the circuit court by a writ of *certiorari,* and there J. W. Smith moved to dismiss the cause on the grounds (1) that the justice of the peace "had no jurisdiction of the proceedings provided for by § 1767 of the Code of 1880; and (2) because justices of the peace cannot try or determine the validity of conveyances of real estate." The motion was overruled and an issue ordered to be made up " as provided in § 1767 of the Code of 1880." The plaintiff accordingly tendered issue, upon the allegation that the conveyance from Annie F. Smith to J. W. Smith,

above alluded to, was fraudulent as to her creditors and especially as to him, the plaintiff. The defendant, J. W. Smith, insisted that the case should be tried by the court on the record sent up by the justice of the peace, but the court ordered a trial *de novo* before a jury. Both defendants then joined issue with the plaintiff as to the alleged fraudulent conveyance.

The verdict was in favor of the plaintiff, and the judgment of the court declared the property in controversy subject to the plaintiff's execution. Thereupon the defendants appealed to this court.

*Evans & Johnston,* for the appellants.

What jurisdiction has the legislature endeavored to grant justices of the peace ? " Of all actions for the recovery of debts or damages or personal property where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed one hundred and fifty dollars." Of course, as between Newlon and Smith this is an original suit, as he had nothing to do with the suit which resulted in the judgment. Now, *is this an* action for the recovery of a debt or damages from Smith ? *No*, for Newlon claims nothing of the kind against him. Is it to recover personal property? *No*, for Newlon claims neither the title nor right of possession to any personal property claimed by Smith. So it is clearly not embraced in the jurisdiction conferred by § 2190 of the code.

We are not able to see how anything in § 1585 of the code can be held to confer the jurisdiction granted in § 1767. It is simply tantamount to saying that all courts, in their decisions affecting anything over which they have jurisdiction, shall follow the rules in this chapter contained ; or all courts shall, in administering their jurisdiction, proceed according to these rules. There certainly cannot be any doubt as to what "*rules of procedure*" means. It relates to rules of practice simply, and has nothing to do with jurisdiction.

We insist that the legislature has never conferred any jurisdiction upon justices of the peace under § 1767, and further, that the legislature is prohibited by § 23, art. 6, of the constitution to confer

it; and, furthermore, that *courts of equity are vested* by the constitution with this jurisdiction and no other court can exercise it. *Partee* v. *Matthews*, 53 Miss. 146.

It may be, and in this case was, the case that the property, *real* and *personal*, is claimed to be exempt from execution.

If that is the case *no* deed could be void as to creditors. As to whether it is exempt in this case will depend on whether it was the domicile of a man who by reason of sickness had left it a year before his death. We mention this to show the nature of the questions involved and to submit whether it was ever contemplated by the legislature that a justice should try them. If the land was *levied* on, Smith could file a *bill in equity*, where such questions should be settled, and ask that court to *prevent* this *cloud on his title*. But if this justice can act, then how can Smith protect himself? If he goes into equity *before* a levy to enjoin this proceeding, and if the justice has jurisdiction, the court of equity would be bound to say, "I cannot enjoin another court from exercising its lawful jurisdiction." If he filed his bill *after* the justice decided, then the court would say it is *res adjudicata*.

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

The legislature could not give this jurisdiction even if it had tried, which it has certainly *never done.*

The legislature cannot abstract from one court cognizance conferred by the constitution and give it to another. *Bank* v. *Duncan*, 52 Miss. 746.

*Humphries & Sykes,* for the appellee.

1st. Is jurisdiction of the proceedings, provided for in § 1767, Code of 1880, conferred on justices of the peace?

2d. If so conferred, was it within the power of the legislature under the constitution to do so?

1. In affirmation of the first question we rely on § 1585, Code 1880, and the comprehensive language, "any execution," used in § 1767 of code.

" All things contained in this chapter (the chapter in which § 1767 is contained) not restricted by their nature or by express provisions to particular courts shall be the rules of decision and

proceedings in all courts whatsoever within this State." Section 1585, Code of 1880.

2. In affirmation of the second question : " If so conferred, was it within the power of the legislature under the constitution to do so?" We refer to the case of *Abbey et al.* v. *Commercial Bank of New Orleans,* 31 Miss. 434, wherein Judge Handy impliedly recognizes the constitutionality of § 27, p. 904, of Hutchinson's Code, which, like § 1767, Code 1880, confers on circuit courts the power to determine the issue whether or not a conveyance was fraudulent.

In *Hunt* v. *Potter,* 58 Miss. 106, Judge George says : " From the commencement of our judicial history the legislature has exercised unquestioned the power to enlarge the jurisdiction of the courts provided for in the constitution. Among these new powers conferred on courts of law may be mentioned the power to entertain bills of discovery in aid of actions pending in them ; * * the power to enforce the lien of mechanics ; THE POWER TO SET ASIDE FRAUDULENT ASSIGNMENTS BY *scire facias.*" And in doing so, " it is not obnoxious to the objection of conferring equity jurisdiction on courts of law."

Then although, as said by the court, it cannot be regarded as excluding the jurisdiction of a court of equity, which is admitted to be more ample and advantageous in most cases of fraudulent conveyances, yet it is conceded that a circuit court has jurisdiction to proceed under § 1767.

If it is constitutional for the circuit court, whose jurisdiction is limited to " *civil cases* " in contradistinction to equity cases—Art. 6, § 14, Constitution—to proceed under said section, why should it not be constitutional for the justices' courts to proceed likewise, when no such constitutional limitation exists as to them ?—the only limitation as to the " *causes*" to be tried by them being, " the principal of the amount in controversy shall not exceed one hundred and fifty dollars." Art. 6, § 23, Const.

The jurisdiction of justices as defined in § 2190 does not conflict with our view. The power conferred by § 1767 is not an original power to try title to realty, but simply a mode for ascertaining a

fact in aid of the prompt enforcement of executions issuing from circuit or justices' courts ; and to test its constitutionality it is only necessary, as said by George, J., in *Hunt* v. *Potter*, 58 Miss. 107, to inquire if " the power granted is auxiliary and appropriate to the complete exercise of the acknowledged jurisdiction of the court as conferred by the constitution ;" if so, " it is within the power of the legislature to confer it."

COOPER, J., delivered the opinion of the court.

The object of § 1767 of the Code of 1880 is to give a summary proceeding by which fraudulent obstructions to the execution of judgments may be removed by the court whose process is obstructed. The single question which it is permissible to try under it is, whether the property sought to be subjected is claimed by a third person under a fraudulent conveyance or transfer from the judgment defendant, and the effect of the decision, if favorable to the plaintiff, is limited to the enforcement of the judgment; beyond this the title of the claimant is unaffected. If, therefore, the land or other property is susceptible of division and is of greater value than the judgment, only so much thereof is sold as is necessary to pay the judgment; the title to the remainder is left in the claimant. If the property is indivisible, the surplus of its proceeds remaining after the satisfaction of the judgment is paid over to the claimant, who is recognized as owner, except as to the judgment creditor.

The argument that the statute is not applicable to a justice of the peace, because lands worth greatly more than the debt might be involved in the investigation and sold under the judgment, would apply with equal force if personal property of equal value and of an indivisible character, as a jewel, painting, or picture, should be seized under the writ.

The fallacy of the argument for the appellant consists in dealing with the question as if it was an original suit instituted for the purpose of trying the title to the property. It is true that under our constitution jurisdiction could not be conferred upon a justice of the peace to try a suit instituted to try the title of property worth more than one hundred and fifty dollars, but it is well es-

tablished in this State that the legislature may enlarge the jurisdiction of the courts by conferring upon them authority to determine all collateral matters that may arise in the progress of a cause over which they have constitutional jurisdiction.

In *Hunt* v. *Potter*, 58 Miss. 96, a statute conferring upon the chancery court in which administration was pending authority to " hear and determine all demands against the estate " was held to be constitutional, notwithstanding the fact that such jurisdiction in original actions pertained wholly to courts of law. The decision was based upon the ground that as the court had jurisdiction of the administration under the constitution, it was competent for the legislature to so add to its authority as to enable it to dispose of all claims presented against it. In the concurring opinion delivered by Judge George many instances were given of the enlargement of the jurisdiction of the several courts by legislative grants of power.

Under the same general principle announced in that case, the circuit courts of this State have for many years exercised the power of determining all claims interposed to property levied on under its process regardless of its value, and have rendered judgments against garnishees summoned in attachments or under judgments for all amounts owing by them, whether the same did or did not exceed ·one hundred and fifty dollars. In many of the States there are constitutional provisions by which the legislatures are restrained from conferring upon justices of the peace jurisdiction to try any cause in which te title to real estate shall be drawn in controversy. There is no such provision in ours, and we are unable to see why the legislature may not authorize a justice of the peace to investigate the *bond fides* of a claim to property which is sought to be subjected to a judgment rendered by him, even though it be real estate.

The section (1767), while found only in the chapter of the code relative to circuit courts, is, in our opinion, extended in its application to justices of the peace by § 1585, which declares that " All things contained in this chapter not restricted by their nature, or by express provision to particular courts, shall be the

rules of decision and proceedings in all courts whatsoever in this State."

The remedy afforded by the provision is a highly beneficial one, and the necessity for it exists as well in courts of the justices of the peace as of those of higher jurisdiction.

*Affirmed.*