## S. BERNHEIMER & SONS *v.* J. P. MARTIN.

1. JURISDICTION. *Justice of the peace may try claimant's issue though value of property exceeds one hundred and fifty dollars.*

    When an execution issued by a justice of the peace is levied upon property which is claimed by a third person, the justice has jurisdiction to try the claimant's issue, although the value of the property exceeds one hundred and fifty dollars.

2. REPLEVIN. *Not maintainable if claim can be interposed.*

    Accordingly an action of replevin is not maintainable for property thus seized.  Code 1880, § 2633.

3. DISMISSAL OF REPLEVIN SUIT. *Damages. Writ of inquiry awarded.*

    An action of replevin, instituted in the circuit court for property seized under an execution issued by a justice of the peace, should be dismissed, and a writ of inquiry awarded to ascertain defendant's damages, as provided in § 2623, code 1880.

4. JURISDICTION OF JUSTICES OF THE PEACE. *Art.* vi, § 23, *constitution, construed.*

    The trial of a claimant's issue is not a "*cause*," within the meaning of § 23, art. vi, of the constitution of this state, which limits the jurisdiction of justices of the peace to causes in which the principal of the amount in controversy shall not exceed one hundred and fifty dollars.  Such trial is a mere incident to the exercise of the undoubted jurisdiction of the justice.

FROM the circuit court of Claiborne county.

HON. RALPH NORTH, Judge.

The property in controversy, eleven bales of cotton, valued at four hundred dollars, was seized by the appellee, J. P. Martin, as constable, under an execution issued by a justice of the peace, directed to him and returnable before the justice.  This action of replevin was brought in the circuit court against said officer by the appellants, Bernheimer & Sons, who claim to be owners of the cotton.  Their contention is that they could not interpose a claim to the property to be tried before the justice, because its value exceeded one hundred and fifty dollars.  The defendant, Martin, filed a motion to dismiss the suit because the property was in *custodia legis*, and the action of replevin did not lie therefor.

This motion was sustained.   Thereupon Martin moved for a writ of inquiry to assess the value of the cotton in the hands of the plaintiffs, Bernheimer & Sons, and for judgment on their bond for its return or its value.   This motion the court overruled.

Bernheimer & Sons have appealed, and assign for error the action of the court in dismissing the replevin suit.   Martin also prosecutes a cross-appeal, and assigns for error the refusal of the court to award the writ of inquiry.

*J. McC. Martin*, for appellants and cross-appellees.

1. Appellee contends that § 2633, code 1880, restricts appellants to the remedy by claimant's issue, notwithstanding the value of the property taken under the writ exceeds one hundred and fifty dollars.   If this be true, the circuit court is deprived of its constitutional jurisdiction by said section.   The original jurisdiction of that court over controversies exceeding in amount one hundred and fifty dollars is defeated and the jurisdiction of justices of the peace extended beyond its constitutional limit by indirection.

2. If the claimant's issue be interposed, the magistrate might be under the necessity of rendering judgment for the restoration of the property, or, in default thereof, for the sum of four hundred dollars.   In *McLeod* v. *Gray*, MSS., this court held that a judgment on a plea of set-off, with counter suit for a sum exceeding one hundred and fifty dollors, would be beyond the jurisdiction of a magistrate if the judgment should exceed one hundred and fifty dollars.   By parity of reasoning a judgment on a claimant's issue for more than one hundred and fifty dollars by a justice would transcend his jurisdiction.

3. The evident purpose of § 2633 is to require a resort to claimant's issue only in cases within the jurisdiction of the court from which the execution proceeds.   Justices of the peace were intended to have a restricted and subordinate jurisdiction, limited by the amount in controversy.   The civil jurisdiction of the circuit court begins where that of the justice ends.   *Bell* v. *City of West Point*, 51 Miss. 270.   Unquestionably, in commencing an original action, where the amount in controversy is more than one hundred and fifty dollars, suit must be in the circuit court.   Can this

jurisdiction be defeated by § 2633 of the code? If so, there is an end to constitutional force.

*E. S. Drake* and *H. C. Conn*, for appellees and cross-appellants.

1. The statute, code, § 2227, plainly confers upon justices the right to try a claimant's issue in any case where the execution has issued from his court. This court held in *Clark* v. *Clinton*, 61 Miss. 337, that the court from which the execution issues is the only court in which the claimant's issue can be tried. No exception is made where the value of the property exceeds one hundred and fifty dollars. This class of cases will be numerous, as it often happens that interest and damages added to a judgment make it far greater than one hundred and fifty dollars, and the levy must necessarily be for a sufficient amount to satisfy the judgment, interest, damages, and costs.

2. There is no constitutional difficulty in the case. It is a necessary power in every court to enforce its judgments by appropriate proceedings. The trial of the claimant's issue is to ascertain if the execution is properly levied upon the particular property, and is but a part of the necessary and proper things to be done by a court to enforce its judgments. The question of jurisdiction cannot arise after the judgment has been rendered, and as, in this case, it cannot be that a court would have jurisdiction to render judgment, and issue execution, but must then stop short of full execution. The test is not how large a judgment may be rendered, but how much was the principal of the amount involved in the original controversy. Besides, the real issue would not involve all the property seized but it would be whether a sufficiency of it should be sold to pay the judgment.

3. It was error to refuse the writ of inquiry. It would be strange law that would give one litigant the case and the other the spoils of battle. This would be to put a premium upon bringing replevin suits in courts having no jurisdiction. The statute is plain. Code 1880, §§ 2617, 2623 ; *Clark* v. *Clinton*, 61 Miss. 337.

CAMPBELL, J., delivered the opinion of the court.

The court properly dismissed the action of replevin because the

plaintiff could have interposed a claim to the cotton, as provided by § 2227 of the code, and therefore had no right to the action of replevin.   Code, § 2633.   The proposition that the justice of the peace, under whose process the cotton was seized and held, when the action of replevin was instituted, could not try a claim to the cotton interposed by a third person, because the value of the cotton exceeded his jurisdiction, is not maintainable.   An execution issued by a justice of the peace may be levied on property of any value, however great, and the claim of a third person to it is triable by him, because the statute so provides, and it is free from any objection on constitutional grounds, since a trial of the right of property in such case is not a " *cause* " in the sense of the constitution in limiting the jurisdiction of justices of the peace, but is an incident of the exercise of the undoubted jurisdiction of such justice as conferred by the constitution.

A circuit court may entertain jurisdiction of garnishments and claims of third persons to property seized under process of that court, where the amount involved is less than one hundred and fifty dollars, *Martin* v. *Harvey*, 54 Miss. 685, and justices of the peace may secure to parties having judgments in their courts the fruits thereof by garnishing debtors of the judgment debtor however large their indebtedness may be, or by levies on any property subject, whatever its value, and the question of the liability of the debtor's property to the satisfaction of the judgment is triable by the justice of the peace, on any issue made under the law.   Any other view would fall short of the grant of jurisdiction by the constitution and laws, and be productive of serious practical inconvenience.   *Smith* v. *Newlon*, 62 Miss. 230.

Upon the dismissal of the action of replevin the court should have awarded a writ of inquiry and given judgment on the bond of the plaintiffs in favor of the defendant for the cotton or its value as assessed, as provided by § 2623 of the code.   *Clark* v. *Clinton*, 61 Miss. 337.

*The judgment dismissing the action is affirmed, and the judgment denying the writ of inquiry is reversed, and cause remanded for the execution of a writ of inquiry, etc.   The costs of this appeal to be paid by S. Bernheimer & Sons.*