## H. C. CONN ET AL. v. S. BERNHEIMER & SON.

1. RES JUDICATA. *Judgment not on merits.*
   If a mortgagee of personal property seized under execution 'improperly brings replevin, instead of interposing a claim as required by § 2633, code 1880, a judgment dismissing the replevin suit, and for the value of property, is not a judgment on the merits, and will not conclude the plaintiff in another action properly instituted.

2. CHANCERY COURT. *Jurisdiction. Foreclosure. Code* 1880, § 2633.
   Notwithstanding said section of the code and the replevin proceedings, the chancery court has jurisdiction to enjoin such judgment and to foreclose the mortgage.

FROM the chancery court of Claiborne county.

HON. L. McLAURÍN, Chancellor.

Appellees, S. Bernheimer & Son, had a mortgage for $945.77 on certain cotton, executed by one Boren, which cotton was seized under execution on a judgment in a justice court, in favor of appellant, Conn, for $108.03 against said Boren. The value of the cotton being over $150, Bernheimer & Son supposed they could not interpose a claim for it before the justice, and therefore they sued out a writ of replevin for the same in the circuit court against Martin, the constable, who had levied the execution. Martin failed to give bond. Thereupon plaintiffs in. replevin executed bond and received the cotton. Afterwards the defendant, Martin, moved the circuit court to dismiss the replevin suit, on the ground that the action did not lie because of § 2633, code 1880, which forbids replevin, and requires the interposition of a claim when personal property is seized under execution or attachment. The motion was sustained, and, on writ of inquiry, judgment was entered against Bernheimer & Son for $386.46, the value of the cotton which they had received. The case was before this court on a former appeal. See *Bernheimer* v. *Martin*, 66 Miss. 486.

After the entry of such judgment in the circuit court, appellees, Bernheimer & Son, filed this bill in chancery, setting out the foregoing facts, and stating that default had been made in the payment of their mortgage debt; that they had the proceeds of the cotton

in hand; that no trial on the merits was had in the replevin suit; that they had paid all costs adjudged against them; that they were ready to pay the proceeds of the cotton into court, and they tendered the same with their bill. They prayed for an injunction of the judgment in replevin and foreclosure of the mortgage. Conn, the plaintiff in execution, and Martin, the constable, were made parties defendant. The injunction was granted, and defendants moved the court, on the face of the bill, to dissolve it. From a decree overruling the motion to dissolve, the defendants appeal.

*E. S. Drake,* and *Miller & Conn,* for appellants.

It is true the bill shows that the merits of this case were not adjudicated in the proceedings at law. But this was only because complainants instituted an action of replevin instead of interposing a claim in the justice court.

Where a party has been impleaded in a court having jurisdiction, he must avail himself of every legal defense; otherwise he cannot be relieved in equity. *Nevitt* v. *Gillespie,* 1 How (Miss.), 108; Geo. Dig., p. 872; High on Inj., §§ 113, 114; 8 S. & M. 139.

No reason is given for failing to make defense in the justice court. Complainants deliberately invited the judgment they seek to enjoin, by instituting the suit in replevin and taking the cotton.

Although equity may have jurisdiction, where the jurisdiction is concurrent, the court that first exercised it must decide finally. *Green* v. *Robinson,* 5 How (Miss.), 80.

The bill does not show that Boren is insolvent, nor that this cotton is the only source from which complainants can collect their debt.

It is not shown that complainants were misled, or that by reason of any mistake of fact they failed to make defense in the justice court. Mistake of law is no excuse. High on Inj., §§ 211, 216, 221.

We find no precedent, for relieving a party in equity against a judgment he has invited. It is not equitable to allow complainants to repudiate the result of their own suit.

*J. McC. Martin,* for appellees.

Courts of equity have general and inherent jurisdiction in the foreclosure of mortgages, and this, although other remedies may be given. As to this there is no difference between chattel and real mortgages. Jones on Chat. Mor., §§ 758, 1443.

The principles upon which the appellants rely to defeat the relief asked are stated in High on Inj., §§ 210–221. In all the cases referred to by that author the judgments were rendered by courts having jurisdiction of the subject-matter and in which the opportunity was given for a hearing on the merits. They have no application here. It cannot be said that the decision of the circuit court is *res judicata*, for the merits were not tried. Nor was there such laches or negligence on the part of complainants as to debar them from equitable relief. *Smith* v. *Thompson,* 54 Am. Dec. 131, note.

Mortgagee may foreclose and sue at law at the same time. Jones Chat. Mor., § 758.

Replevin only puts a mortgagee in possession. Other proceedings would finally be necessary to subject the property to the debt.

A mortgagee may proceed in equity to prevent injury to or loss of his security by the action of other creditors. 5 Ohio St. 92 ; 13 N. J. Eq. 370 ; 67 Ala. 446 ; 3 Hare, 304.

Where it is claimed that there is a remedy at law, it must appear that it is plain, adequate, and efficient. *Irwin* v. *Lewis,* 50 Miss. 368.

A judgment is only conclusive when it is on the merits, and then only as to facts directly in issue. 42 Me. 429 ; 66 Am. Dec. 295, notes ; 38 Ib. 694 ; 2 Iredell L. 290. It is essential that the court should have had jurisdiction over the subject-matter. 73 Am. Dec. 290.

There must have been a trial in which complainant might have availed himself of his equities. 54 Pa. St. 318 ; 93 Am. Dec. 705.

When appellee's replevin suit was dismissed and the costs were all paid, the rights of the parties stood as if no suit had been instituted, and appellees were entitled to hold the cotton until a determination of their right to the same. Code 1880, § 2267.

As to the right of a mortgagee of chattels to go into equity to

foreclose, bringing in all parties interested, see 11 Iowa, 219 ; 17 N. J. Eq. 40 ; 22 Ind. 466 ; 45 Am. Dec. 445, notes ; *Marx* v. *Davis,* 56 Miss. 745. Further as to *res judicata,* see *Miller* v. *Palmer,* 55 Miss. 335.

COOPER, J., delivered the opinion of the court.

The fact that appellees resorted to an action of replevin to recover the mortgaged cotton, in a state of case in which they were not entitled to that remedy, does not preclude them from asserting their incumbrance against it in this proceeding. They neither gained nor lost any right by the unauthorized suit, nor by converting the cotton into money while that suit was pending. They might have paid the value of the cotton to the officer from whose possession they had taken it, and then have interposed their claim to the fund in court which would have stood as the representative of the cotton. *Clinton* v. *Clarke,* 61 Miss. 337.

But the existence of this right does not prevent a resort to equity, where the rights of all the parties may be settled once for all and complete justice done. Section 2633 of the code prohibits *only* the action of replevin to one whose property is seized under an execution against another. Its sole purpose is to prevent the piling up of suits for the possession of property under local claims, and in lieu of such suits it provides the simple and cheap remedy of a claimant's issue. The right of one having a claim cognizable in a court of chancery to proceed in that court is not at all restricted by the statute.

Nothing that was done in the suit at law operates as a bar to this action to foreclose the mortgage. In truth the present complainants as plaintiffs in the law courts found themselves in a situation in which they could not introduce any evidence in support of their right to the property, because they had no standing in that court.

Under such circumstances, the judgment against them for a return of the property has none of the elements of an adjudication of their rights.

*The decree is affirmed.*