## A. S. BARBORO & Co. *v.* SERIO.

### [70 South. 458.]

JUSTICE OF PEACE. *Jurisdiction. Collateral issues.*

> In a suit of attachment instituted before a justice for an amount within his jurisdiction, the justice has jurisdiction to award damages for wrongfully suing out of the attachment in an amount exceeding the jurisdictional amount of justices of the peace, since defendant's claim for damages is a mere collateral matter arising out of and resulting from the issue and levy of the attachment writ; and it is within the power of the legislature to confer upon courts "authority to determine all collateral matters that may arise in the process of a cause over which they have constitutional jurisdiction."

APPEAL from the circuit court of Tallahatchie county. HON. N. A. TAYLOR, Judge.

Suit by A. S. Barboro & Co., against R. Serio, begun by attachment issued from a justice court. There was a judgment awarding damages to defendant and plaintiff brought *certiorari.*

110 Miss.—23

The judgment being affirmed in the circuit court, plaintiff appeals.

Appellant, a corporation, instituted a suit by attachment in the court of a justice of the peace, to recover of appellee the sum of one hundred and fifty-six dollars and forty-three cents, alleged to be due it for goods sold and delivered. When the cause came on to be heard, a judgment was entered, reciting that:

"This day, this cause coming on to be heard on the issue of the attachment herein on the merits thereof, both plaintiff and defendant being present by personal representatives and by attorneys, and both agreeing to waive formal pleading herein, and the court having heard the same and the testimony of the witnesses and the argument of counsel, it is ordered that the attachment herein be dismissed, abated and discharged; and the property of the defendant levied upon under the writ of attachment herein be discharged"

—and then awarding appellees the sum of four hundred and twenty-five dollars damages for the wrongful suing out of the attachment, and upon the merits awarding appellant a recovery of the one hundred and forty-six dollars and forty-three cents sued for. The record was removed to the court below by a writ of *certiorari,* and, when the cause came on there to be heard, the judgment of the justice of the peace was affirmed.

*Frank Boatner,* for appellant.

None of the authorities cited by appellee is in point. Nothing cited by them justify or approach a justification of the unprecedented and unheard of action of the justice in rendering a judgment-over for a sum in excess of two hundred dollars.

On the other question, to wit: that the trial court should have ordered a trial *de novo* because the record before it did not show what judgment should have been entered, for the reason that there was no proof taken as to unliqui-

dated damages. We challenge the record in this case to show that the justice heard one word of proof as to damages. There is no such showing, and the court below held that no such showing was necessary. See written opinion of trial court, a part of record in this cause. There is a record showing that proof was heard as to the issue raised on the question as to whether the attachment was rightfully sued out. But that is all and there is nothing more on the question of proof.

The case of *Evans* v. *So. Ry.*, 74 Miss. 230, is decisive here. That was a case on all fours with the case at bar. The judgment there was all right except that it did not show that the justice whose judgment the trial court reviewed heard proof on the question of unliquidated damages. The case was reversed for trial *de novo* because the trial court could not tell what judgment should have been entered; no proof was taken by the justice, as disclosed by the record before the trial court. The same infirmities appear of record in this case. The trial court could not tell. It should have ordered a trial *de novo*. Its failure to do so is fatal.

There was an agreement to waive formal pleadings, according to the record. That agreement was kept, according to the same record. No formal pleadings were filed and no objection was urged or is now urged on that account. But there was no agreement to waive the right to sue out a writ of *certiorari;* neither was there any agreement to waive any other rights. So far as this record shows the justice of the peace, *sua sponte,* and without any demand therefor by any one, without taking proof thereof, without any suggestion that would warrant it, entered, arbitrarily a judgment for appellant for four hundred and twenty-five dollars. Does the record anywhere show his authority for this action? If so where? There is nothing in the record to show any warrant or authority for this judgment and the trial court erred when it failed to order a trial *de novo*, for which reason—if there was none other —the case should be reversed.

*Howie & Howie,* for appellant.

It is contended that the court had power to render judgment for four hundred and twenty-five dollars because of its incidental powers. What does this phrase mean? Let us examine it. A justice of the peace court is a court of limited jurisdiction. It has the limits of its powers specifically and definitely marked out for it in the laws of our state. It cannot exercise any powers outside of these limits. It can however exercise such powers as are necessary for the purpose of carrying into effect the granted powers. In "Words and Phrases" Vol. 4, 3494, we find this definition, to-wit,

"Incidental power is one that is necessary to the carrying into execution of a specifically granted power."

In another place it is defined as that which is "inseparably, or necessarily, incident to another."

The power exercised in the present case was not of this character. It was not necessary to the carrying into effect of any other power granted nor was it inseparably incident to the powers of the court which were otherwise to be exercised in this case. We have in our decisions numerous instances of incidental matters but in none is there any of the kind mentioned in this case. In *Jackson* v. *Whitfield,* 51 Miss. 202, interest on a note was held to be merely an incident to the main claim, the principle of the note, so was not such as would deprive the justice of the peace of jurisdiction. In *Higgins* v. *DeLoach,* 54 Miss. 498, a horse was replevied valued at one hundred and fifty dollars and certain other amounts were set up as damages for wrongfully detaining the horse, this last was held to be merely incidental to the amount of the value of the horse, which would not therefore cause it to be beyond the jurisdiction of the justice court. In *Martin* v. *Harvey,* 54 Miss. 685, it was held that the right to garnish, on a judgment in the circuit court on an appeal case, was incidental. In all of these it will be noted that matters which were held to be incidental were such

as were inseparable from the main controverted matter. In no instance cauld a separate suit have been maintained, for any of the things that were held to be incidental to the main issue or dispute.

The present case is a horse of quite another color. There they could not be separated; here they cannot be joined together but must be separately considered and determined. There, there was no right of action independently of the main claim by virtue of which jurisdiction was acquired; here the right of action is on a separate and distinct contract, the bond. The appellee could file suit in any court having jurisdiction on the bond. Having desired to claim more than two hundred dollars he should have gone to some other court than the justice of the peace court. Time and time again this has been held to be proper in our courts. *Buckley* v. *Van Diver*, 12 So. 905; *Shattuck* v. *Miller*, 50 Miss. 386; *State* v. *Luckey*, 51 Miss. 528.

The last two cases cited are very similar to the present case except that there the party went to the proper court. In the last the court went into the matter of what decided the jurisdiction very carefully. It held that the amount claimed under the bond was decisive. If the bond was for more than the claim, that the amount sought to be recovered was controlling. Here the amount sought, judging from the judgment rendered, was four hundred and twenty-five dollars. This is decisive, and places the controversy beyond the justice court.

"In actions on bonds the amount claimed, and not the penalty, determines the jurisdiction of the justices of the peace in the greater number of states. A justice of the peace has no jurisdiction unless the amount sued for is within his jurisdiction." 24 Cyc. pages 466 and 467.

In the present case we do not know what amount was claimed by the appellee, except that it was at least four hundred and twenty-five dollars. If it was more than that the principle would be the same. In fact we cannot understand any difference if he had claimed ten thou-

sand dollars or any other amount. By the principle above set out, which is almost universally recognized, the appellee should have filed his suit for damages in the circuit court and not in the justice of the peace court.

Furthermore the claim of the appellee by which he obtained judgment for four hundred and twenty-five dollars in the justice of the peace court was in the nature of a cross-action or counterclaim or more properly described as a setoff. Not only is it such by nature but is treated as such in our laws. Section 176 of the Mississippi Code of 1906, provides that a judgment for damages may be set-off as payment against the debt issue on which the suit was originally begun. A plea of payment is always considered as off-set. If suit has been begun and the defendant in any case desires to prove that the debt sued on has been paid then he must plead this as an off-set. See section 745, Code, and *Shelton* v. *Vanzant,* 40 Miss. 332, and *Casper* v. *Thigpen,* 48 Miss. 635, and especially, *Denney* v. *Wheelwright,* 60 Miss. 733.

Notice of set-off must be given in order to be availed of on trial of the case, section 746, Code 1906.

If then this claim would be in the nature of set-off and not only the amount of the judgment proper amounts to a greater sum than the court could take jurisdiction of, but the balance, after deducting the claim of the plaintiff, amounts to nearly one hundred dollars more than what the court could have had jurisdiction over, it seems absurd to think for a minute that the justice court could maintain jurisdiction. In this case, is not the judgment of the defendant for four hundred and twenty-five dollars pleaded, or considered as having been pleaded, as an off-set against the demand of the plaintiff? And does not the court render judgment against the plaintiff and his bond for the balance of the off-set over and above the demand of the plaintiff amounting to two hundred and seventy-eight dollars and forty-seven cents? It is well settled that a set-off cannot be pleaded if the balance

.after deducting the claim of the plaintiff amounts to over two hundred dollars. We take it that this rule will not be questioned, so will cite only a few authorities. *Denny* v. *Wheelwright,* 60 Miss. 733; First Howard, Miss. 519; *General Electric Co.* v. *Williams,* 31 S. E. 288; *Robinett* v. *Nunn,* 9 Mo. 246; *The Lancaster Ohio Mfg. Co.* v. *Chas. Colgate,* 12 O. St. 344.

The circuit court had no jurisdiction unless the justice of the peace court had, in the first instance. "If the claim exceeds the jurisdictional amount and for that reason cannot be pleaded as set-off in the inferior court, an appellate court will not permit it to be pleaded as such on appeal from the lower court." 34 Cyc. page 647.

We submit therefore that the justice of the peace could in no wise take jurisdiction of the set-off because after deducting the demand of the plaintiff it still amounted to two hundred and seventy-eight dollars and forty-seven cents, which exceeded the jurisdictional amount for the justice of the peace court.

When an inferior court exceeds its jurisdictional limits or deviates from the rule of the statute relative to its method of proceeding, its judgments are void. *Stockett* v. *Nicholson,* Walker's Reports, page 75 *et seq.*

In the present case the justice court has not only attempted to adjudicate a matter which exceeded its jurisdiction, but has not followed any of the rules of proceedure set out in the Code, which were made for the regulation and limitation of its proceedings.

We submit that this cause should be reversed and the judgment declared void and the claim of the appellee dismissed because it was beyond the jurisdiction of the justice of the peace court and for the further reason that no notice of the claim was ever filed nor any of the methods of procedure provided by law followed; and, if not correct in this, it must be reversed and new trial ordered in the circuit court.

*R. L. Ward, A. H. Stephen* and *Rowe Hays*, for appellee.

Answering the first contention of counsel for appellant that the judgment of the justice of the peace against appellant in the sum of four hundred and twenty-five dollars was void because it was in excess of the amount in which the justice of the peace had jurisdiction we cite the following authorities: *M. C. Higgins* v. *Thomas G. DeLoach,* 54 Miss. 498; *Bell* v. *West Point,* 51 Miss. 262.

We take it as conclusive that the two cases cited above set at rest this contention, but we cite the following authorities: Constitution of Mississippi, section 171; *Glass* v. *Moss,* 1 *Howard,* 519; *Heggie* v. *Stone,* 70 Miss. 39; *Bernheimer & Sons* v. *Martin,* 66 Miss. 486; *Smith* v. *Newlon,* 62 Miss. 230; *Davis* v. *Holberg,* 59 Miss. 263; 24 Cyc. page 48; 24 Cyc. page 486 (paragraph G).

Smith, C. J., delivered the opinion of the court.

(After stating the facts as above).  The grounds upon which it is sought to have the judgment rendered by the justice of the peace reversed and the cause tried *de novo* are (1) the amount of damages awarded appellee is in excess of the jurisdiction of the justice of the peace; and (2) that "said judgment was for unliquidated damages and the record and the judgment do not show that proof as to the damages or the amount thereof was heard by said justice of the peace."

Appellee's claim for damages propounded in the court of the justice of the peace was not an original suit, but was a mere collateral matter, arising out of and resulting from the issue and levy of the attachment writ; and it is within the power of the legislature to confer upon courts "authority to determine all collateral matters that may arise in the progress of a cause over which they have constitutional jurisdiction." *Smith* v. *Newlon,* 62 Miss. 230; *Hunt* v. *Potter,* 58 Miss. 96.

An inspection of the judgment also discloses that it was not upon default and without a writ of inquiry, but after the hearing of evidence upon the appearance of the parties by attorney.

*Affirmed.*